**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4787
_____

XIUQIN LIU,
a/k/a Geng Lin,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-929-415)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2011

Before:  FUENTES, VANASKIE and ROTH, Circuit Judges

(Opinion filed: November 1, 2011)
_____

OPINION
_____

PER CURIAM

　　Xiuqin Liu, a/k/a, Geng Lin ("Lin") petitions for review of an order of the Board

of Immigration Appeals ("BIA") denying her motion for remand.  For the following

reasons, we will deny the petition for review.

Lin, a native and citizen of the People's Republic of China, entered the United States in 1995. When she entered the United States, Lin posed as the "daughter" of a family of four with three other individuals, under the name Xiuqin Liu. Danjin Lin, the "mother" of alleged family, was granted asylum. However, Danjin Lin did not claim her "children" as derivative beneficiaries. Lin was placed in exclusion proceedings pursuant to INA § 212(a)(5)(A)(i), 8 U.S.C. § 1182(a)(5)(A)(i), as an alien who sought to enter the United States for the purpose of performing skilled or unskilled labor, and INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who at the time of application for admission was not in possession of a valid entry document.

Lin appeared for a master calendar hearing in 1997. At the conclusion of that hearing, the Immigration Judge ("IJ") set an individual hearing date for June 2, 1998. Before her 1998 hearing, Lin's attorney was granted leave to withdraw as counsel after discovering Lin was not Danjin Lin's daughter. Lin did not appear for her 1998 hearing, and the IJ ordered Lin excluded and deported in absentia.

In 2009, Lin filed a motion to reopen. Lin explained that she was in violation of China's one-child family planning policy because she has four children.[1] She claimed that she had been forcibly sterilized after she had two children, in 1991, by the local government of Tantou Town, Changle City, Fujian Province. However, the sterilization failed and she became pregnant with her third child. After her third child was born, she

asserts that she fled to the United States to reunite with her husband and because she was afraid that she would be forced to undergo sterilization surgery again. She argued that her motion to reopen should be granted because she did not receive notice of her 1998 hearing and based on changed country conditions regarding the stricter enforcement of the family planning policy.

In June 2009, the IJ denied the motion to reopen. Lin appealed. While her appeal was pending, Lin filed with the BIA, a motion to remand in July 2010 to include additional new material and previously unavailable documents to support her contention that the family planning policy was more severe. This evidence consisted of over 700 pages of documents, including accounts of Chinese nationals being subjected to coercive family planning practices, news articles, and a report from Dr. Sapio of the Juluis-Maximilians University in Germany, criticizing the Department of State's 2007 China: Profile of Asylum Claims and Country Conditions ("2007 Profile").[2]

The BIA denied the appeal and motion to remand. The BIA determined that Lin failed to show reasonable cause for not appearing at the 1998 hearing, and that her

---

[1] Lin's first three children were born in China. Her fourth child was born in the United States.

[2] This evidence included many of the documents submitted to the IJ with Lin's 2009 motion to reopen.

3

motion to reopen and motion to remand were untimely.[3] The BIA concluded that Lin did not overcome the time bar because she failed to show changed country conditions. The BIA found that she did not present evidence demonstrating that the allegedly new, stricter family planning policy was different from the previous unenunciated policy. The BIA noted some evidence was not properly authenticated and some evidence was unrelated to Lin's locality, Changle City. The BIA found Sapio's challenge to the 2007 Profile unavailing, and noted that the Sapio report did not assert changed country conditions. Lin timely filed a petition for review, challenging the BIA's denial of her motion to remand.

We have jurisdiction to review the BIA's denial of Lin's motion to remand pursuant to INA § 242(a), 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to remand for abuse of discretion. Huang, 620 F.3d at 390. We will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (internal citation omitted).[4]

An alien generally may file only one motion to reopen, and must file the motion

---

[3] "The BIA treats a motion to remand for the purpose of submitting additional evidence in the same manner as [a] motion[] to reopen." Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir 2010).

4

with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Thus, Lin's motion to remand, treated as a motion to reopen and filed more than ten years after the final administrative order, was time barred. However, the time bar does not apply to motions that rely on evidence of changed country conditions arising in the country of nationality, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing. INA § 240(c)(7)(c)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Lin raises five arguments in her petition for review. First, Lin contends that the BIA abused its discretion by rejecting the Sapio report without sufficient analysis and refusing to consider the report because it was not from the State Department. Lin's argument lacks merit. The BIA did consider Sapio's report, regardless of whether the evidence was from the State Department. See Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (citation omitted) ("[T]he BIA abuses its discretion if it fails completely to address evidence of changed country circumstances offered by a petitioner."). However, the BIA determined that Sapio's report was unavailing and did not contend changed country conditions.

---

⁴ In her petition for review, Lin challenges only the BIA's denial of her motion to remand. However, Lin's motion to remand reiterated some of the same arguments made in her motion to reopen. Therefore, to the extent the two overlap, we will review the BIA's analysis of both her motion to reopen and motion to remand. However, we will not review the BIA's affirmance of the IJ's denial of the motion to reopen because Lin has not challenged that decision in her brief. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1

The BIA was not required to produce an in-depth analysis of Sapio's qualifications and report in its opinion. Rather, the BIA is required to provide "more than cursory, summary[,] or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." Id. Sapio's report criticizes the methodology and sources of the 2007 Profile. Notwithstanding, the BIA correctly concluded that the report did not provide evidence of changed country conditions, which Lin is required to show for an untimely motion to remand. Thus, the BIA's analysis was sufficient.

Second, Lin claims that the BIA failed to consider that the certificate issued by the family planning office in her home village confirmed that she previously underwent "enforced sterilization surgery" in 1991. Lin further argues that her past forced sterilization demonstrates a fear of future persecution. The BIA did consider the certificate, noting that it was unauthenticated and unsigned, and did not establish a relevant change in the family planning policy or its enforcement. Demonstrating past forced sterilization "triggers a rebuttable presumption of a well-founded fear of future persecution." Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir. 2003). However, where a motion to remand was untimely, evidence of prima facie eligibility for asylum is not enough. Lin must establish changed circumstances arising in China. See INA § 240(c)(7)(c)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3); Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006).

Third, Lin argues that the BIA erred by rejecting the "internal Shou Zhan

_____

(3d Cir. 2005) (issues not argued in brief are waived).

document" because it improperly required that she present evidence only from her locality, not province. This interpretation of the BIA's opinion is incorrect. Documents on family planning enforcement in different localities in the Fujian Province could be material to determining Lin's eligibility for relief. In re S-Y-G-, 24 I. &. N. Dec. 247, 258 (BIA 2007). However, due to "the localized nature of family planning enforcement efforts," they are not as helpful as documents relating to her locality as they shed no light on Changle City's policy. See id. Additionally, this document does not purport to announce any change in the family planning policy at the provincial level. Thus, the BIA did not abuse its discretion in giving the internal Shou Zhan document little weight.

Fourth, Lin claims the BIA abused its discretion in dismissing the internet printouts that discussed the family planning policy because they were not authenticated. Lin asserts the printouts are self-authenticating as official publications of the Chinese government pursuant to the Federal Rules of Evidence. Lin's argument is misplaced. The Federal Rules of Evidence do not apply in immigration proceedings. Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). The test for admissibility is whether the evidence is probative, reliable, and trustworthy. See id. Printouts from websites are generally not reliable. See Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3d Cir. 2007). Lin has not provided relevant information regarding the validity of the domain and operation of the websites she relies upon.[5] Thus, the BIA did not abuse its discretion in

---

[5] United States government websites with a domain "dot-gov" are operated by the General Services Administration. 41 C.F.R. § 102-173.5.

determining that the "photocopies or documents that purport to be print-outs from official web sites . . . do not contain indicia of reliability."

Fifth, Lin argues that she has presented evidence that demonstrates that she has violated the family planning policy and that she has a fear of forced sterilization or economic hardship if she returns to China. This argument is unavailing. As discussed above, the BIA noted that it is not enough for Lin to show prima facie eligibility for asylum. An untimely motion to remand requires that she establish changed circumstances arising in China.

For these reasons, Lin has not shown that the BIA abused its discretion in denying her motion to remand. Accordingly, we will deny the petition for review.